UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE:

JOSE ESCOBAR
    Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC.
    A state of Florida Company
    Defendant(s),

_____/

# COMPLAINT

Plaintiff, JOSE ESCOBAR, on behalf of himself, through the undersigned attorneys, files this Complaint against ENHANCED RECOVERY COMPANY, LLC. [herein referred to as "ENHANCED RECOVERY"], and the state as follows:

## A. JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. The Defendant, ENHANCED RECOVERY is subject to the personal jurisdiction of this Court because it engages in substantial activity within Florida, additionally they have made substantial business contacts with the Plaintiff in Miami Dade County, Florida.

## B.  VENUE

3. The venue is proper in the United States District Court for the Southern District of Florida based upon the following:

   a.  The unlawful collection practices alleged below occurred and/or were committed in Miami Dade County, Florida, in the Southern District of Florida;

   b.  At all times material hereto, Defendants, ENHANCED RECOVERY is and continues to be a corporation engaged in the business and/or activity of collecting debts in Miami Dade County, Florida, and as such is a citizen of the State of Florida.

4. Therefore, venue is proper for this court.

## C.  PARTIES

5. Plaintiff, JOSE ESCOBAR, (hereinafter "Plaintiff), is an individual residing in the County of Miami Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, ENHANCED RECOVERY COMPANY, LLC. is a company operating from an address of 8014 Bayberry Road, Jacksonville, FL 32256 and whose principle business is collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## D.  FACTS COMMON TO ALL COUNTS

7. Plaintiff is alleged to have incurred a financial obligation for primarily personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C. § 1691a(5), namely, a consumer debt.

8. Plaintiff filed a dispute with Defendant on May 29, 2012 and sent said dispute via certified mail.

9. Defendant was therefore placed on proper notice that this account was being disputed by the Plaintiff.

10. Plaintiff applied for credit to rent an apartment and his credit was pulled on July 30, 2012.

11. On said credit report, Defendant failed to represent that this account was disputed by the consumer.

12. Defendant ENHANCED RECOVERY, is in violation of provisions of the FDCPA, specifically in violation of 15 U.S.C. § 1692 E(8) and F(1).

13. Upon information and belief, ENHANCED RECOVERY has violated other sections of 15 U.S.C. § 1692, et seq.

## E. CAUSES OF ACTION

COUNT ONE<br>
VIOLATION OF THE<br>
FAIR DEBT COLLECTION PRACTICES ACT<br>
15 U.S.C § 1692 et seq.<br>
ENHANCED RECOVERY CORP.

14. Plaintiff incorporates paragraphs 1 through 13 as though fully stated herein.

15. The foregoing acts and omissions of Defendant as further described within this Complaint constitute violations of the FDCPA, including but not limited to each and every of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

16. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered out- of-pocket expenses as well as other actual damages and is therefore entitled to an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for:

- For an award of actual damages pursuant to 15. U.S.C. § 1692k(a)(1) against Defendant;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Defendant; and

- For such other and further relief as may be just and proper.

## COUNT TWO
## VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT
## Fla. Stat. § 559.55 - §559.785
## ENHANCED RECOVERY CORP.

17.  Plaintiffs incorporate paragraphs 1 through 13 as though fully stated herein.

18.  Plaintiff allegedly entered into a credit contract pursuant to which Plaintiff purchased consumer goods as required under Fla. Stats. §559.55 - §559.785.

19. Credit was extended via a consumer credit card used to purchase goods or services for personal, family, or household use.

20. Plaintiff sent a dispute letter to Defendant on or about May 29, 2012.

21. Defendant ENHANCED RECOVERY responded but failed to mark the account disputed on Plaintiff's Credit Reports.

22. On July 30, 2012, Defendant communicated with third parties representing this account was due, payable, and verified. Defendant failed to disclose this account was disputed to said third parties.

23. Said conduct is in direct violation of Section 559.72 (6) & (9), et seq. of the Florida Statutes.

24. The acts of Defendant mentioned above were done and performed willfully, wantonly, and maliciously without regard to their effect on Plaintiff.

25. As a direct and proximate result of the conduct and acts of Defendant mentioned above, plaintiff has suffered severe pain and distress of body and mind, and great mental anguish, embarrassment, humiliation, and shame.

26. Plaintiff has been required to employ the undersigned counsel to represent plaintiff against the willful, wanton, malicious, and wrongful acts of Defendant mentioned above, and has agreed to pay counsel a reasonable attorney fee.

27. Plaintiff has incurred, and will continue to incur, additional expenses in the prosecution of this law suit, including court costs, telephone calls, travel expenses, and other expenses, all to Plaintiff's further damage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant ENHANCED RECOVERY CORP. pursuant to Fla. Stats. for:

?That Defendant be enjoined from any and all further illegal collection practices against the Plaintiff;

?For actual damages or for statutory damages of $1000 whichever is greater;

?For punitive damages;

?For attorney fees'

?For costs of suit; and

?For such other and further relief as the court deems proper.

## **F. JURY TRIAL DEMAND**

Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7 and Fed. R. Civ. Pro. 38 and under the Florida Constitution.

Dated this 1st day of October of 2012.

                                            Respectfully submitted,
                                            Law Offices of
                                            **SAMIRA GHAZAL, PA.**
                                            Attorney for Plaintiff
                                            1909 SW 27th Avenue
                                            Miami, FL  33145
                                            Tel.  305.860.1221
                                            Fax. 305.860.9161
                                            Email:  Samira@SamiraGhazal.com

                                            /s/Samira Ghazal_____
                                            Samira Ghazal, ESQ.
                                            FBN: 0864617